IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER LEE,<br><br>  Plaintiff,<br><br>v.<br><br>BRANDON THOMAS, PROTECTIVE INSURANCE COMPANY, and LEGACAY MANAGEMENT AGENCY, LLC,<br><br>  Defendants. | CIVIL ACTION<br>FILE NO.: |

## DEFENDANTS' NOTICE OF REMOVAL

Brandon Thomas ("Thomas"), Protective Insurance Company ("Protective") and Legacy Management Agency, LLC ("Legacy Management" or collectively with Protective and Thomas as "Defendants") by and through counsel, file this Notice of Removal, respectfully showing the Court as follows:

1.

This is a personal injury action filed by Plaintiff Jennifer Lee ("Plaintiff") against Thomas, Protective, and Legacy Management in the State Court of Fulton County, State of Georgia, Civil Action File No. 21EV005842. It arises from a motor vehicle accident that occurred in Fulton County, Georgia. A copy of the Complaint and state court filings are attached hereto as Exhibit A.

**Complete Diversity Jurisdiction Exists**

2.

Upon information and belief, Plaintiff is a citizen of the State of Georgia.

3.

At the time of the filing of the Complaint, Defendant Thomas was, and currently is, a citizen and resident of the State of Indiana, who presently resides at 9370 Waldemar Drive, Indianapolis, Indiana 46268.

4.

For purposes of diversity of citizenship, a limited liability company is a citizen of any state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004).

5.

Defendant Legacy Management is a South Carolina limited liability company, which is both its state of incorporation and the state in which it maintains its principal place of business. 28 U.S.C. § 1332 (c) (1). Legacy Management's registered agent is Eric Hampton, who maintains his registered office at 650 Highway 544 Apt. 1107, Conway, South Carolina, 29526. Legacy Management's principal place of business is 650 Highway 544 Apt. 1107, Conway, South Carolina 29526. *See* Legacy Management Agency, LLC Articles of Organization, printout from South Carolina

Secretary of State, attached as Exhibit "B". Legacy Management's sole owner and member is Eric Hampton, who resides in South Carolina. Accordingly, Legacy Management is a citizen of the State of South Carolina.

6.

Defendant Protective Insurance Company is a foreign corporation organized under the laws of the State of Indiana, as shown by the entity's corporate registration entry with the Indiana Secretary of State's Office, a copy of which is attached hereto as Exhibit "C". Protective Insurance Company's principal place of business is 111 Congressional Boulevard, Suite 500, Carmel, IN 46032. Defendant Protective Insurance Company is not a citizen of the State of Georgia and was not a citizen of the State of Georgia on the date of filing of the Complaint. Instead, Defendant Protective Insurance Company is a citizen of the State of Indiana.

7.

Consequently, complete diversity of citizenship exists between Plaintiff and Defendants for purposes of 28 U.S.C. § 1332 (c)(1) because Plaintiff is a citizen of the State of Georgia, Thomas is a citizen of the State of Indiana, Legacy Management is deemed to be a citizen of the State of South Carolina and Protective is deemed to be a citizen of the State of Indiana.

## The Amount in Controversy Exceeds $75,000.00

8.

Plaintiff seeks judgment against Defendants for sums in excess of $75,000.00, exclusive of interest and costs. In the Complaint, Plaintiff alleges to have incurred personal injuries, special damages, general damages, and "will suffer physically and emotionally, including but not limited to, permanent injury, permanent disfigurement, and diminished capacity of labor, for which she seeks damages." *See* Plt.'s Compl., at ¶ 7. Additionally, Plaintiff seeks recovery for "substantial" medical expenses, future medical expenses, lost income and lost earnings. *Id.* at ¶¶ 9, 11. Moreover, on July 29, 2021, Plaintiff sent Defendants the letter attached hereto as Ex. D, setting forth Plaintiff's demand. (*See* Ex. D) As reflected in Ex. D, Plaintiff's demand is well above $75,000 exclusive of interests and costs.

## Removal is Timely

9.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days of Protective being served on October 1, 2021. *See* FED. R. CIV. P. 6(a)(1)(C). This Notice of Removal is also timely because it is filed within thirty (30) days after receipt by Defendants of a copy of the initial pleading setting forth the claim upon which this action is based. 28

U.S.C. § 1446 (b). The parties being fully diverse, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1).

## Venue is Proper in the Northern District

10.

The United States District Court for the Northern District of Georgia is the proper venue for removal under 28 U.S.C. § 1441(a) because the Northern District, Atlanta Division, encompasses Fulton County. *See* 28 U.S.C. § 90(a)(2).

## The Unanimity Requirement is Met Here

11.

The Supreme Court has construed the removal statutes to require all defendants in a case to consent to removal, thus creating the so-called "unanimity requirement." *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) (*citing Chicago, Rock Island, & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 247-48 (1900)). Thomas, Protective and Legacy Management are represented by the undersigned counsel, all consent to and join in this removal. Accordingly, the unanimity requirement is met here.

## Removal is Proper

12.

No previous application for the relief sought herein has been made to this or

any other Court.

13.

Good and sufficient defenses to Plaintiff's claims exist.

14.

Now, within thirty (30) days after service on Defendants, notice is hereby given in accordance with 28 U.S.C. § 1446 and pursuant to Rule 11, Federal Rules of Civil Procedure, of the removal of said action to this Court.

15.

Defendants have given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Fulton County. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit E.

16.

Good and sufficient defenses to Plaintiff's claims exist. *See* Defendants' Answer/Special Appearance Answer, filed as Exhibit "F" herewith.

WHEREFORE, this matter is hereby removed to the United States District Court for the Northern District of Georgia.

Respectfully submitted this 1st day of November, 2021.

                                              MCMICKLE, KUREY & BRANCH, LLP

                                              */s/ Zach M. Matthews*
                                              ZACH M. MATTHEWS
                                              Georgia Bar No. 211231

217 Roswell Street, Suite 200       DAVID C. WRIGHT
Alpharetta, GA 30009                  Georgia Bar No. 134198
Telephone:  (678) 824-7800         ***Attorneys for Defendants***
Facsimile:  (678) 824-7801
Email:
zmatthews@mkblawfirm.com
dwright@mkblawfirm.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.1C. This pleading has been prepared in Times New Roman, 14 point font.

This 1st day of November, 2021.

>  */s/ Zach M. Matthews*
>  ZACH M. MATTHEWS
>  For the Firm

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing **DEFENDANTS' NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

> Noah S. Rosner
> Rosner Law Group, P.C.
> Northridge 400, Bldg. 2
> 8325 Dunwoody Place
> Atlanta, Georgia 30350
> noahrosner@yahoo.com
> ***Attorney for Plaintiff***

This 1st day of November, 2021.

>            */s/ Zach M. Matthews*
>            ZACH M. MATTHEWS
>            For the Firm